**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

**ALTI HASKELL**

               **COMPLAINT**

         Plaintiff **,**

               **Civil Action No.**

   **-against-**

**COUNTY OF NASSAU , JAMES E. DZURENDA,**
**SHERIFF NASSAU COUNTY SHERIFF'S DEPARTMENT,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**DONALD VETTER, CHIEF CLERK NASSAU COUNTY COURTHOUSE,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND**
**JOHN DOE, C240MXV,  IN HIS INDIVIDUAL CAPACITY,**

             Defendants,
_____X

    Plaintiff, Alti Haskell, by his attorney, Welton K. Wisham, Esq., of The Law office of Welton K. Wisham, respectfully alleges upon information and belief, as follows;

## NATURE OF THE ACTION

1.   On July 17, 2019, Mr. Haskell and  Anthony Conley were both arrested together and charged with Criminal Sale of a Controlled Substance in the 5th Degree, Penal Law Section 220.31, and Conspiracy to Sale a Controlled Substance,  in the 5th Degree, Penal Law Section 105.05

2.   Mr. Haskell and his Co- Defendant, Anthony Conley were held in custody of the Nassau County Correctional Center located at the Nassau County Correctional Center at 100 Carman Ave, East Meadow, New York.

3.   On March 25, 2021, Mr. Haskell and Anthony Conley plead guilty to Criminal Sale of a Controlled Substance and Conspiracy to Sale a Controlled Substance.

1

4.    Both Mr. Haskell and his Co- Defendant were sentenced on March 25, 2021, to a determinative sentence of two (2) years in violation of penal law sections 220.31, Criminal Sale Controlled Substance -5th Degree, and Conspiracy -5th Degree pursuant to P.L. Section 105.05, respectively.

5.    That Mr. Haskell and Mr. Conley were legally entitled to be immediately released from custody having already served in pre- trial detention the entire State sentenced imposed by the Honorable Judge O'Brien on March 25, 2021.

6.    Mr. Conley was immediately released from custody of the Nassau County Sheriff's Department, Mr. Alti Haskell, however,  remained in custody of the Nassau County Sheriff's Department until May 12, 2021.

7.    On May 12, 2021, the Nassau County Sheriff's Department, knowing that Mr. Haskell's conditional release date was March 27, 2021, which required Plaintiff's immediate release from incarceration, and knowing that Anthony Conley had been released from custody on March 26, 2021, **transferred Mr. Haskell to the Downstate Correctional Facility** in order to obtain a New York State Din Number.

8.    Mr. Haskell was released from State custody on **May 27, 2021.**.

9.    Plaintiff was held in custody beyond his **Conditional Release** date, March 27, 2021, by the underlying Defendants due to their deliberate indifference to Plaintiff's Constitutional right to be free from the deprivation of liberty without due process of law.

10.    Mr. Haskell seeks monetary compensation pursuant to 42 U. S. C. Section 1983, 42 U.S.C. Section 1988, and pursuant to New York State Law for Plaintiff's wrongful imprisonment in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

2

11.     This action is also brought pursuant to the Eighth Amendment to the United States Constitution for the Cruel and Unusual Punishment suffered by Mr. Haskell for the sixty days of unlawful prolonged incarceration.

## JURISDICTION

12.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 42. U.S.C Section 1983, and 42 U.S.C.1988, and under the common law of the State of New York.

## VENUE

13.     Venue is proper in the Eastern District of New York under 28 U.S.C. Sec. 1391(b), because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this Judicial District.

## THE PARTIES

14.     Plaintiff, Alti Haskell is a citizen of the United States. Mr. Haskell currently resides in the State of Pennsylvania.

15.     Defendant, County of Nassau,  is a municipal corporation of the State of New York pursuant to the General Municipal law Section 53, located in the Eastern District of New York..

16.      The County of Nassau is responsible for the torts committed by Nassau County employees within the scope of their employment.

17.     The Nassau County Correctional Center is a County jail located at 100 Carman Ave. East Meadow, New York.

18.     Defendant, James E. Dzurenda, was at all times mentioned throughout this Complaint, the Sherriff at the Nassau County Sheriff's Department located at 100 Carman Ave., East Meadow, New York.

3

19. Sherriff Dzurenda is a resident within the Eastern District of New York who at all times mentioned is a state actor who acted within the scope of his authority and under color of state law. Sheriff Dzurenda is sued under his individual and official capacity.

20. Donald Vetter, is the Chief Clerk at the Nassau County Courthouse and is believed to be a resident within the Eastern District of New York.

21. Mr. Vetter was at all times relevant the Chief Clerk at the Nassau County Courthouse who acted within the scope of his authority and under color of State law. Mr. Vetter is sued in his individual capacity.

22. Defendant, John Doe C240MXV, is believed to be the New York State Reception/Classification Legal Date Computation employee responsible for computing Mr. Haskell's conditional release date of March 27, 2019. This Defendant is employed by the Downstate Correctional Facility.

23. John Doe is at all times mentioned is a state actor who acted under color of law and within the scope of his authority within the Downstate Correctional facility State of New York. This Defendant is sued in his individual capacity.

## NOTICE OF CLAIM

24. On or about June 24, 2021, Mr. Haskell served a Notice of Claim upon the Office of Nassau County Attorney Mr. John B. Chiara, Esq located at 1 West St. Mineola, New York, in furtherance of Plaintiff's New York State Claims in compliance with General Municipal Law Section 50-E. A notice of claim was also sent to the Attorney General of the State of New York in Albany New York.

25. On July 28, 2021, Mr. Haskell virtually appeared for his 50-h Hearing conducted by Nassau County Attorney, Jared A. Kasschau.

4

26.    That more than 30 days have elapsed since service of said Notice of Claim and the County of Nassau New York has failed to pay or adjust the claim.

27.    This action has been commenced within one year and ninety days of the date of the incident complained of and of the filing of the Notice of Claim.

28.    That the Defendants have wholly refused and neglected to make any adjustment or payment thereof.

29.    That the Plaintiff has satisfactorily complied with all pertinent statutory requirements prior to the commencement of this action.

## PRISON LITIGATION REFORM ACT

30.    Generally, a prisoner complaining of prison conditions must exhaust his/her administrative remedies prior to filing a Complaint in Federal or State Court. Prison Litigation Reform Act 42 U.S.C. § 1997e(a).

31.    The Second Circuit for the Court of Appeals however, has ruled that "that litigants--… who file prison condition actions after release from confinement are no longer "prisoners" for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision". See **James C. Greig, at, al v. Commissioner of the State of New York**, at, al, 169 F.3d. 165, (2ND 1999).

32.    Plaintiff, Alti Haskell was released from incarceration on May 27, 2021. Mr. Haskell is not in custody at the commencement of this Complaint; thus, the exhaustion requirement of the Prison Litigation Act is not applicable to the instant action.

## STATEMENT OF FACTS

33.   On  July 17, 2019, Mr. Haskell and  Anthony Conley were both arrested and charged with Criminal Sale of a Controlled Substance in the 5th Degree, Penal Law Section 220.31, and Conspiracy to Sale a Controlled Substance,  in the 5th Degree, Penal Law Section 105.05

34.   Mr. Haskell, and his Co- Defendant, Anthony Conley were held in custody of the Nassau County Correctional Center located at the Nassau County Correctional Center at 100 Carman Ave, East Meadow, New York.

35.   On March 25, 2021, Mr. Haskell and Anthony Conley pled guilty to Criminal Sale of a Controlled Substance and Conspiracy to Sale a Controlled Substance.

36.   Mr. Haskell and his co- Defendant were sentenced to a determinative sentence of two (2) years in violation of penal law sections 220.31, Criminal Sale Controlled Substance -5th Degree, and Conspiracy -5th Degree pursuant to P.L. Section 105.05, respectively.

37.   That Mr. Haskell and Mr. Conley were legally entitled to be immediately released from custody, on March 27, 2019, and March 26, 2019, respectively, having already served pre- trial detention the entire State sentenced imposed by the Honorable Supreme Court Justice William O'Brien on March 25, 2021.

38.   Mr. Conley was released from custody of the Nassau County Sheriff's Department, Mr. Alti Haskell on or about March 26, 2021.  Mr. Haskell, however, remained in custody of the Nassau County Sheriff's Department until May 12, 2021, when he was transferred in the custody of the Downstate Correctional Facility.

39.   Mr. Haskell and Mr. Conley were held in custody at the Nassau County Correctional Center during the entire time of the underlying criminal proceedings.

6

## CALCULATION OF JAIL TIME

40.   Mr. Haskell was sentenced to a determinative term of two years.

41.   Plaintiff was held in custody of the Nassau County Jail from the date of his arrest on July 17, 2019, until May 12, 2021, when he was transferred to the Downstate Correctional facility.

42.   Mr. Haskell pre- trial jail time served in the Nassau County Correctional facility began on the date of his arrest, July 17, 2019, through the Date of his sentence, March 25, 2019. Haskell remained in custody of the Nassau County Sheriff's Department until May 12, 2021.

43.   Plaintiff received time allowance for good behavior of three months fourteen days.

a)   **Jail Time Credit: New York Consolidate Law Section P.L. Section 70.30(3)**

44.   Mr. Haskell was entitled to jail time credit for the time he served awaiting trial against his sentence for all the time he was held in custody in the Nassau County jail up until the day of his transfer to Downstate Correctional Facility maintained by the New York State Department of Corrections and Community Services.

45.   " Any sentenced shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. ". **P.L. Section 70.30(3)**

b)   **Good Behavior Time. NY Correction Law Section : 803(1)(a): Good Behavior Allowances Against Indeterminate and Determinate Sentences.**

46.   According to Section 803(1)(a)" Every person confined in an institution of the department … may receive time allowance against the tern or maximum term of his or her sentence imposed by the court.  Such allowances may be granted for good behavior and efficient and willing performance of duties assigned …[and may be withheld  or  forfeited or canceled in

whole or in part for bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned." **Id**.

47.   " Once goodtime credit is approved, an inmate "shall" if he or she so requests, be **conditionally released** from the institution in which he or she is confined when the total good behavior time allowed to him or her.. is equal to the unserved portion of his or her term, maximum term or aggregate maximum term". **N.Y. Penal Law Section 70.40(1)b**) (emphasis added)

48.   Mr. Haskell was credited with **three months, fourteen days of " good time".**

49.   On March 27, 2021, Mr. Haskell's good time credit for his behavior equal to the unserved portion of his two-year term thereby mandating his conditional release date as of March 27, 2021, by operation of law.

**Conditional Release Date:**

50.   "Whenever an inmate is transferred from local custody into state custody, the **local jurisdiction must calculate the inmate's jail time credit** and provide the New York State Department of Corrections and Community Services with a certified record of that credit. " **N.Y. Corr Law Section 600-a.**

51.   Mr. Haskell was held in the Nassau County Correctional Center, the local jurisdiction which calculated Mr. Haskell's jail time and jail credit and knew that Plaintiff's conditional release date was March 27, 2021, which mandated Mr. Haskell's immediate release from Nassau County Jail.  Haskell was not released and remained incarcerated at the Nassau County Jail.

52.    On May 12, 2021, upon Haskell's arrival at Downstate, Correctional facility received the jail time credit from Nassau County jail which clearly showed Mr. Haskell's conditional release date of  March 27, 2019.

8

53. Defendant, John Doe, C240MV, employed by the Downstate Correctional facility prepared the Legal Date Computation Record on May 12, 2021.

54. The DOCCS's Legal Date Computation form credited Mr. Haskell with one year and ten months of jail time served while awaiting trial and with three (3) months and fourteen (14) days of good time.

55. The DOCCS's Legal Date Computation record indicated that Mr. Haskell's **Conditional Release Date was March 27, 2021. (emphasis)**

56. According to the decision rendered in **Hurd v. Fredenburgh**, the United States Court of Appeals for the Second Circuit held that the" conditional release date constitutes the mandatory release date" and that hold in inmate beyond the conditional release date constitutes constitutional harm pursuant to the cruel and unusual punishment provision of the Eight Amendment to the Constitution of the United States. **Hurd v. Fredenburgh**, 984 F. 3d 1075(2nd Cir. 2021).

**Haskell's Demands to be released**
**from  Custody  of the Nassau County Jail**

57. On April 2, 2021, Mr. Haskell, realizing that he had met the statutorily mandated conditional release date which led to his co-defendant's release, wrote a letter to the Nassau County Sherri's Department Division of Correction informing the Sheriff that he was entitled to be immediately  released from incarceration.

58. On or about April 2, 2021, the Nassau County Sheriff's Department Division of Correction, Nassau County Correctional Center wrote to Mr. Haskell and informed the Claimant that **" we will compute your sentence when you go upstate**".

59. The letter from the Nassau County Sheriff's Department was signed by Correction officer Retthhb. The officer's response to Haskell's notification demonstrated the Nassau County

Correctional Facility's lack of concern and deliberate indifference to Haskell's constitutional rights.

60.  The Sheriff's Department had a duty to calculate Mr. Haskell's sentence and jail time credit on March 25, 2021, the date Judge O'Brien sentenced Haskell to a determinative term.

61.  The Sheriff's Department and Sheriff Dzurenda possessed knowledge of the terms and conditions set forth by Judge O'Brian on March 25, 2021, the according to law mandated Haskell's immediate release from the Nassau County jail.

62.  On April 8, 2021, Mr. Haskell in a desperate attempt to get the Nassau County Correctional Center to understand the conditions of his over detention and his demand for his immediate release from custody, wrote to the Inmate Records Coordinator at the Nassau County Correctional Center stating that " I received the return from you by …stating" **We will compute your sentence when you go upstate".**

63.  Mr. Haskell informed the inmate records coordinator at the Nassau County jail that " At this present time no inmates are going upstate as stated in Sheriff Dzurenda' memo that the intake facilities are shut down due to the pandemic. … Being that there is no movement and I am past my release date the appropriate procedure would be to notify officials at this facility to rectify this matter or to notify DOCCS of this matter that my release date has expired. **Inmates have a liberty interest in being released on time in conformity with the sentence imposed and with other relevant laws such as those providing for good time.** **Any continued detention after the state has lost its lawful authority to hold a prisoner deprives him of a liberty interest in freedom from restraint that is protected from unlawful state deprivation by due process  clause of the Fourteenth Amendment"**( emphasis added)

10

64.   Mr. Haskell concluded his April 8, 2021, letter to the Nassau County Inmate Coordinator and Sheriff Dzurenda by informing them that " **Failure to act on this matter is a blatant deliberate indifference standard that governs both the Due Process and Eighth Amendment Claims.** To establish deliberate indifference in an excessive confinement case, a plaintiff must first demonstrate that an official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being or would be inflicted. Second, the plaintiff must show that the official either failed to act or took ineffectual action under the circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention. **Sample v. Diecks** 885 F.2d 1099(3rd Cir. 1989)."

65.   In response to Mr. Haskell April 8, 2021, letter and the content set forth in the preceding paragraphs, Officer Gull believed to be in the Inmates Records Bureau of the Nassau County Sheriff's Department Division of Correction, Nassau County Correctional Center sent Mr. Haskell a letter dated April 9, 2021, informing Mr. Haskell in response to your Inquiry dated April 8, 2021, "**We suggest you contact your attorney or NYSDOCCS regarding the issues raised in your correspondence as we are unable to assist you in this matter.** " **Contact NYSDOCCS and tell them you need to be released; we cannot release you on   State Sentence . It has to come from DOCCS**. (emphasis added)

66.   Officer Gull's response however contradicts the practice of the Nassau County Correctional Facility on or about March 26, 2019, of releasing inmates held in its custody such as Anthony Conley who were eligible to be released from custody without being transferred into New York State custody.

11

67.  The April 9, 2021, response from the Inmates Records Department of the Nassau County Correctional Center is indicative of a custom and practice of releasing inmates from its custody and ignoring other inmates entitled to be released such as Mr. Haskell.

68.  The practice of not releasing inmates such as Mr. Haskell was arbitrary and capricious by allowing some inmates to be timely released such as Mr. Conley while holding other inmates beyond their mandatory release dates, an practice which on its face is unconstitutional.

**Haskell's Attempt to be Released via Article 78: Writ of Mandamus**

69.  Mr. Haskell was well aware that he had a lawful right to be released from custody along with Anthony Conley, Plaintiff's Co-Defendant on March 27,2019 and out of desperation, Mr. Haskell filed an Article 78 proceeding on April 9, 2019, demanding Sheriff Dzurenda take all reasonable measures to effectuate Plaintiff's immediate release from the Nassau County jail.

70.  Haskell Article 78 was filed in the Supreme County of the State of New York County of Nassau.

71.  Plaintiff informed the Court of his arrest and plea agreement and of Judge O'Brian's March 25, 2021, sentenced to two years of imprisonment to run concurrently on all charges.

72.  Mr. Haskell informed the Court that he had completed the required time that required his immediate release from custody because his conditional released date was March 27, 2021, yet he remained incarcerated.

73.  Plaintiff had no infractions of any sort that would have prevented his release from incarceration on March 27, 2019.

74.  Mr. Haskell informed the Court that his Co- Defendant, Anthony Conley had been arrested along with the Plaintiff and similarly charged and pled guilty along with the Plaintiff yet Mr. Conley was released on March 26, 2019, when agents from the New York State Department

of Corrections and Community Services were sent to the Nassau County Correctional Facility that processed Conley's release from the Nassau County jail. Mr. Haskell sought the same treatment that would have led to his release from the County jail along with his Co- Defendant because both Defendants had accumulated sufficient time that had them eligible for release predicated on their conditional release date..

75. That New York State Department of Corrections and Community Services ' agents were sent to the Nassau County Correctional Facility to assist the Sheriff's Department in releasing inmates held in custody of the Nassau County jail who had been sentenced and who had served sufficient jail time to mandate their conditional release.

76. That Governor Cuomo's prohibition prohibiting new inmates held in local jurisdictions from being transferred into the New York State Penal Facilities had been terminated on or about March 30, 2019.

77. Mr. Haskell's Petition for a Writ of Mandamus sought a judgment from the Nassau County Supreme Court to compel Sheriff Dzurenda to perform his duty as Sheriff of the Nassau County Correctional Facility enjoined upon him by law to get Plaintiff state ready by certifying the minutes of his sentence and obtaining the commitment order and all other relevant documents to validate Mr. Haskell's jail time calculations which mandated his immediate release from custody because Plaintiff conditional release date of March 27, 2019, had been legally satisfied.

**Response to Haskell's Article 78**

78. On May 10, 2019, Christina H. Singh-Bedell, Assistant Attorney General in the Office of the Attorney General, State of New York, responded to Mr. Haskell's Article 78, Writ of Mandamus by writing a letter to the Hon. Supreme Court Justice William O'Brien indicating that Mr. Haskell was not entitled to be immediately released from custody.

13

79. Ms. Bedell admitted that Mr. Haskell had pled guilty on March 25, 2019, to Criminal Sale of a Controlled Substance, P.L. Section 220.31, and received a two-year sentence.

80. Ms. Bedell argued that **Ayers v. Coughlin**., 72 N.Y. 2d 346, 353, (1988) created an **exception to the " forthwith requirement that inmates committed to DOCCS custody should be transferred " forthwith", a standard enumerated under CPL Section 430.20**(1) when exigent circumstances exist in particular cases.

81. According to Ms. Bedell, the "DOCCS suspended intake of new inmates for substantial period during the COVID-19 pandemic to reduce the spread of the virus to residents of its facilities, most recently **resuming intake on March 30, 2021**. (Emphasis added)

82. The Assistant Attorney General admitted that the restrictions on the New York State Department of Corrections and Community Services enacted by Governor Cuomo had in fact been terminated on March 30,2019.

83. Therefore, there was no legitimate reason that the Defendants in the instant case should have delayed and prevented Mr. Haskell' immediate release from Nassau County jail on March 30, 2019. Mr. Haskell was not released until May 12, 2019.

84. Attorney Bedell failed to mention to Judge O'Brien that Mr. Haskell's Co- Defendant, Anthony Conley had been released directly from the County jail on March 26, 2019, when the covid restrictions were still in place.

85. Ms. Bedell informed Judge O'Brien that Mr. Haskell "**was declared state ready on April** 16, 2021 and he will be transferred to state custody on the next trip for Nassau. Due to safety concerns, the exact date of travel for Petitioner is unable to be disclosed. However, he is confirmed for the next trip from Nassau County."

14

**Nassau County Court Officials Failure to make Haskell State Ready:**

86.   New York Correction Law Section 601 mandates that " whenever an inmate shall be delivered to the superintendent of a state correctional facility pursuant to an indeterminate or determinate sentence, **the officer so delivering such inmate shall deliver to such superintendent, the sentence and commitment or certificate of conviction, or a certified copy thereof…** , **a copy of the probation officer's investigation and report** or a detailed statement covering the facts relative to the crime and previous history certified by the district attorney, **a copy of the inmate's fingerprint record**, a detailed summary of available medical records, … **NY State Correctional Law-Cor Section 601: Delivery of Commitment With Inmate**: (emphasis added).

87.   Defendant Sheriff of the Nassau County Sheriff's Department had a duty under Corr Law Section 601 to make inmates "Ste Ready by obtaining documentation mentioned in Corr Law Section 601, such as the inmates Sentence, and or Conviction or a certified copy thereof, copy of inmates probation report, fingerprints, etc and delivering such documents in a timely manner to the Downstate Correctional Facility which the Defendant failed to do so causing Mr. Haskell to suffer sixty days of unlawful incarceration. .

88.   That the Nassau County Correctional Facilily knowingly, willfully or negligently failed to obtain Mr. Haskell records on or about March 27, 2021, that would have made Plaintiff state ready for which he should have received a Din number which would have allowed Plaintiff to be released from custody along with his C0- Defendant, Anthony Conley.

89.   That Sheriff James E. Dzurenda and his staff were deliberately indifferent to their duty under Corr Law 601,to obtain the aforementioned records in a timely manner that would have freed Mr. Haskell from custody of the Nassau County Jail.

90.   On March 23, 2021, Melanie A. Jenkins, believed to be Judge O'Brien's law clerk, notified Mr. Haskell's then criminal defense attorney, Toni Marie Angeli, a reminder that Mr. Haskell was to be sentenced on March 25, 2021, via virtual courtroom.

91.   Mr. Haskell Presentence Investigation Report was completed and signed on March 23, 2021, by Elizabeth Egner, Mr. Haskell's probation officer.

92.   On March 25, 2021, Judge O'Brien sentenced Mr. Haskell under Docket No. CCF-IND-01301N-2019, to a determinative sentence of two (2) years in violation of penal law sections 220.31, Criminal Sale Controlled Substance -5th Degree, and Conspiracy -5th Degree pursuant to P.L. Section 105.05, respectively.

93.  The Nassau County Probation Department under PROB NO. 359603, prepared a Restitution Preliminary Fact-Finding Report.

94.  On March 27, 2021, Ms. Angeli was informed by Jarrod Sanford, Assistant Counsel Office of Sentencing at the New York State Department of Correction and Community Services, that **Mr. Haskell was not on the list of inmates to be transferred into DOCCS custody because Haskell was not made "State Ready"**. (emphasis added).

95.   Mr. Sanford informed Ms. Angeli that he had contacted the Nassau County Correctional Facility and the Court and learned that the " **paperwork had not been transferred**."(emphasis)

96.  On March 31, 2021, Ms. Angeli notified Jarrod Sanford, Assistant Counsel Office of Sentencing at the New York State Department of Correction and Community Services that **Mr. Haskell's co-defendant Anthony Conley had been released from custody of the Nassau County jail.** (emphasis added)

97.   Mr. Conley was **similarly charged and sentenced to a determinative time of two** (2) years by Judge O'Brien.

98. Both Haskell, and Conley were arrested and taken into custody and held in the Nassau County Correctional Facility. Ms. Angeli requested Haskell's immediate release.

99. Nassau County Correctional Facility ignored Ms. Angeli's request that Mr. .Haskell be immediately released from custody because the County had released Mr. Conley.

100. On April 2, 2021, Mr. Haskell, realizing that he had met the statutorily mandated conditional release date which led to his co-defendant's release, wrote a letter to the Nassau County Sherri's Department Division of Correction informing the Sheriff that he was entitled to be immediately released from incarceration.

101. On April 2, 2021, the Nassau County Sheriff's Office wrote to Mr. Haskell and informed the Claimant that " **we will compute your sentence when you go upstate".** (Emphasis added)

102. The prison officials at the Nassau County Correctional Facility demonstrated their deliberate indifference to Mr. Haskell's constitutional right not to be deprived of his liberty without due process of law.

103. According to Mr. Haskell, Judge O'Brien stated during Claimant's sentencing hearing that DOCCS was going to work with the Nassau County Correctional Facility to assist inmates who have been sentenced and those nearing the time of their release dates by sending DOCCS staff to the Nassau County Jail to give those inmates that have completed their time DIN numbers so that **those inmates would be processed and released from the Nassau County Jail.**

104. Anthony Conley was one of those inmates who apparently benefited from the directive by the DOCCS. Haskell did not receive the same treatment because he was not made State Ready by Sheriff Dzurenda and his subordinates at the Nassau County Sheriff's Department.

17

105.    On April 14, 2021, Mr. Jarrod Sanford, Assistant Counsel, Office of Sentencing at the DOCCS emailed Haskell's criminal attorney and informed her that " I have spoken to Classification and Movement it is my understanding that the local facility **has not made** Mr. Haskell" state ready" . A person with a state sentence cannot be transferred to DOCCS and have their release dates calculated until they are made" **state ready" by the local facility**. The **process of making a person" state ready" is handled by the personnel at the county facility. Mr. Haskell will not be added to our list of incoming persons until he is made" state ready" by the local facility. My suggestion would be to contact them and inquire after their timetable for making Mr. Haskell" state ready".** ( Emphasis added).

106.    On April 14, 2021, via email, Ms. Angeli notified the Nassau County Court that the Nassau County jail **had not classified Mr. Haskell as " state ready**" according to Mr. Sanford.

107.    Ms. Angeli also notified Captain Michael R. Golio of the Nassau County Sheriff's Department informing him that her client, Alti Haskell had served in excess of his allowance time towards his two-year sentence yet remained confined in the Nassau County Jail.

108.    Ms. Angeli made it clear to Captain Golio that the New York State Department of Corrections and Community Services could not move Haskell up on the list for inmates to be transferred because Haskell was not made "state ready" and that only the Nassau County Jail could make Mr. Haskell state ready thus allowing Haskell to be on the list of inmates to be placed on the bus and transferred into DOCCS custody.

109.    Captain Golio responded on April 14, 2021, at 3:56 pm via email that " Your client cannot be made "state ready" until the Department receives a certified copy of the sentence and commitment document from the court. **We have not received the document**, but we have

contacted the court today and were informed to expect to receive the document by sometime tomorrow".

110. The County of Nassau through the Nassau County Correctional Facility and the Sheriff of the Nassau County Correctional Facility, James E. Dzurenda, failed to get Claimant state ready to be transferred into the custody of the DOCCS.

111. Mr. Haskell was held in custody beyond his mandatory release date from March 27, 2021, until his release on May 27, 2021.

112. On April 16, 2021, Mr. Haskell was made state ready, yet the Nassau County Correctional Facility knowingly and willfully prevented Mr. Haskell from being placed on a list of inmates held at the jail that were to be transferred into the custody of the DOCCS.

113. Mr. Haskell was transferred from the local county jail into New York State custody on May, 12, 2021, twenty-seven days after Plaintiff was certified as state ready.

114. That Sheriff Dzurenda knowingly and willfully failed to release Plaintiff from jail after Plaintiff was made state ready.

115. That the Sheriff's Department willfully and deliberately failed to transfer Haskell into New York State custody within a reasonable time that would have caused Plaintiff to have been released from custody prior to May 27, 2021.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS' SHERIFF JAMES E. DZURENDA, DONALD VETTER, AND JOHN DOE C240MXV, FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES PURSUANT TO 42 U.S.C SECTION 1983.

116. That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 115", with the same force, and effect, as though more fully set forth at length herein.

19

117.  That Sheriff James Dzurenda was legally obligated to accept and hold inmates including Plaintiff Alti Haskell lawfully remanded into his custody at the Nassau County Correctional Facility and to take all necessary steps including reasonable measures to insure that the conditions of Mr. Haskell's confinement complied with the laws of the State of New York and the Constitution of the United States.

118.  When a sentence of imprisonment is pronounced, or when the sentence consists of a fine and the court has directed that the defendant be imprisoned until it is satisfied, the defendant must **forthwith** be committed to the custody of the appropriate public servant and detained until the sentence is complied with. **CPL Section 430.20(1).**

119.  That Defendants Dzurenda and Donald Vetter were under a statutory duty to take all reasonable measures to have made Mr. Haskell " State Ready", when Judge O'Brien sentence Plaintiff to a determinative sentenced of two years on March 25, 2021.

120.  Mr. Haskell was legally entitled to be released from incarceration upon reaching his Conditional Release Date, March 27, 2021.

121.  Plaintiff was not released on March 27, 2021, and was not made "State Ready" by the Defendants until April 16, 2021.

122.  Mr. Haskell was not released from confinement on April 16, 2021.

123.  Haskell remained in custody of the Nassau County Sheriff's Department until his transfer into New York State custody on May 12, 2021.

124.  Defendants, Dzurenda and Vetter knew or should have known that Mr. Haskell had sufficient jail time and good behavior time that entitled his immediate release from custody on March 27, 2021.

125. Mr. Haskell and his then criminal defense attorney made several written attempts to obtain Plaintiff's release from incarceration on March 27, 2021, upon being notified that Haskell's co- defendant, Anthony Conley was released from the Nassau County jail on March 26, 2021.

126. Plaintiff languished in prison until his release on May 27, 2021.

127. Donald Vetter, as Clerk of the Supreme Court Nassau County knowingly and willfully failed to obtain documents set forth in Corr Law Section 601 that would have made Mr. Haskell state ready by March 27, 2021, and allowed Plaintiff's release from custody.

128. Captain Golio responded on April 14, 2021, at 3:56 pm via email that " Your client cannot be made "state ready" until the Department receives a certified copy of the sentence and commitment document from the court. **We have not received the document**, but we have contacted the court today and were informed to expect to receive the document by sometime tomorrow".

129. On April 14, 2021, Mr. Jarrod Sanford, Assistant Counsel, Office of Sentencing at the DOCCS emailed Haskell's criminal attorney and informed her that " I have spoken to Classification and Movement it is my understanding that the local facility **has not made** Mr. Haskell" state ready" . A person with a state sentence cannot be transferred to DOCCS and have their release dates calculated until they are made" **state ready" by the** **local facility**. The **process of making a person" state ready" is handled by the personnel at the county facility.** **Mr. Haskell will not be added to our list of incoming persons until he is made" state ready"** **by the local facility. My suggestion would be to contact them and inquire after their** **timetable for making Mr. Haskell" state ready".**

130.   Defendants, Dzurenda, Vetter knowingly ,intentionally, and out of deliberate indifference to Mr. Haskell's fundamental right to have been freed from custody of the Nassau County jail which caused Haskell's unlawful confinement from March 27, 2021, though. May 27, 2021.

131.   John Doe C240MXV, was aware that Mr. Haskell's conditional release date was March 27, 2021.

132.   John Doe knowingly and willfully with deliberate indifference to Haskell's constitutional right to be released from custody of the Downstate Correctional Facility on March 27, 2021, failed to take reasonable measures to release Plaintiff from custody upon Plaintiff's arrival into state custody on May 12, 2021.

133.   The Defendants deprivation of Plaintiff's right to be released on March 27, 2021, is sufficiently serious to have violated the cruel and unusual punishment restrictions pursuant to the Eighth Amendment to the United States Constitution.

134.   Holding Plaintiff for sixty days beyond his conditional release date constitutes a transgression on Plaintiff's freedom and liberty and idealist concept of dignity, and civilized standards of dignity and decency.

135.   The Defendants, as prison officials are liable to the Plaintiff for the Defendants' deliberate indifference to the Defendants own errors by refusing to investigate Plaintiff's well-founded complaints as set forth in the proceeding paragraphs of being held beyond his conditional release date and the errors made by Sheriff's Dzurenda, Donald Vetter and John Doe C240MXV.

136.   " There is no penological justification for incarceration beyond a mandatory release date because any deterrent and retributive purposes severed by the inmate's time in jail were fulfilled as of that date" **Sample v. Diecks**, 885 F2d. 1099, 1108 (3dr. Cir.1989).

137.  " Next to bodily security, freedom of choice and movement has the highest place in the spectrum of values recognized by our Constitution.  For that reason, unauthorized detention of the **just one day past and inmate's mandatory release date qualifies as a harm of constitutional magnitude under the first prong of the Eighth Amendment analysis**" **Id.** (emphasis added)

138.  The failure to release Mr. Haskell on his mandatory release date by the Defendants named herein was due to the Defendant's deliberate indifference to Plaintiff's right not to be deprived of his liberty interest without due process of law.

139.  That it was clearly established on March 27, 2021, that prolonged detention past one's mandatory conditional release date constituted a harm of constitutional magnitude under the Eighth Amendment .

140.  That Defendants, James E. Dzurenda, Donald Vetter and John Doe C240MXV, are liable to the Plaintiff for causing Mr. Haskell to suffer cruel and unusual punishment within the meaning of the Eighth Amendment.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, JAMES E. DZURANDA, DONALD VETTER, AND JOHN DOE C240MXV, FOR VIOLATING PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS ARISING UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES PURSUANT TO 42 U.S.C. SECTION 1983.**

141.  That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 140", with the same force, and effect, as though more fully set forth at length herein.

142.  Mr. Haskell had a liberty interest in being released on March 27, 2021, his mandatory conditional release date.

23

143.   " … Individuals have a protected liberty interest in being free from wrongful, prolonged incarceration.  **Davis v. Hall,** 375 F.3d 703 712 (8th Cir. 2004).

144.   Inmates such as Plaintiff Haskell who was eligible for release on March 27, 2021, his mandatory conditional release date, are not limited to the confine of procedural due process in protecting that right. They are also entitled to substantive due process protection against egregious and arbitrary  government interference. **Swarthout v. Cooke**, 562 U.S. at 220, 131 S. Ct. 859 (2011).

145.   Mr. Haskell remained incarcerated for sixty days beyond his mandatory conditional release date while the State of New York lacked authority to hold Plaintiff in custody.

146.   Defendants  Dzurenda , Vetter and John Doe C240MXV, knew Plaintiff was entitled to be released on March 27, 2021, and acted with deliberate indifference to Mr. Haskell's right to his freedom by knowingly and willfully ignoring his constitutionally protected liberty interest by failing to take measures to discharge Plaintiff from the custody of the Nassau County Correctional Facility and from Downstate Correctional Facility.

147.   Defendants had a duty to release Haskell on March 27, 2021, and willfully and deliberated delayed Plaintiff release until May 27, 2021.

148.   Defendants Sheriff James E. Dzurenda and Supreme Court Clerk, Donald Vetter knowingly and willfully acted with deliberate indifference to Haskell's constitutional right not to be deprived of his liberty by failing to act to release Mr. Haskell on March 27, 2021, by ensuring that Plaintiff was made state ready.

149.   The Defendants, Dzurenda and Vetter took action to obtain Mr. Conley's state readiness which allowed Mr. Haskell Co-Defendant to obtain his freedom on Mary 26, 2021.

24

150. That the Defendants conduct was conducted in an arbitrary and capricious manner in violation of the substantive due process clause of the Fourteenth Amendment which caused Plaintiff's over detention.

151. That the omissions by the Defendants in invoking reasonable measures to ensure Plaintiff's timely release was so outrageous that it may fairly be said to have shocked the conscious within a contemporary society.

152. As a result of the Defendants' misconduct set forth herein, the Defendants are liable to Mr. Haskell for violating Plaintiff's constitutional right to substantive due process of law arising under the Fourteenth Amendment to the Constitution of the United States.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS JAMES E. DUZURENDA, DONALD VETTER AND JOHN DOE C240MXV FOR NEGLIGENCE PURSUANT TO NEW YORK STATE LAW.

153. That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 152", with the same force, and effect, as though more fully set forth at length herein.

154. That Defendants James E. Dzurenda, Donald Vetter and John Doe C240MXV,as employees of the Nassau County Sheriff's Department, the Supreme Court State of New York, and the Downstate Correctional Facility, respectively, owed a duty to Mr. Haskell to take all reasonable measures to process Plaintiff's release on March 27, 2021, and upon Plaintiff's arrival into the Downstate Correctional Facility on May 12,2021.

155. The Defendants, Dzurenda and Vetter breach their duty to release Plaintiff upon his conditional release date March 27, 2021, which caused Plaintiff substantial harm.

156. Defendants, Dzurenda and Vetter also breached their duty to get Plaintiff " State Ready" by March 27, 2021.

157. That the Defendants' duty was considered mistrial upon which the Defendants had no discretion pertaining to their duty to get Mr. Haskell state ready and release Plaintiff from the Nassau County Correctional Facility.

158. The Defendant released Plaintiff's co- defendant, Anthony Conley on March 26, 2021, but negligently failed to do the same for Plaintiff Haskell.

159. That Defendant John Doe C240MXV also had a ministerial duty to take all measures to release Plaintiff on May 12, 2021, but failed to do so.

160. The named Defendants negligently breached their duty to Plaintiff as set forth herein.

161. The negligence demonstrated by the Defendants caused Mr. Haskell to suffer emotional harm and to be deprived of his liberty for sixty days without a penological interest in holding Plaintiff in custody until his Mary 27, 2019, release.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE COUNTY OF NASSAU UNDER NEW YORK STATE LAW FOR RESPONDEAT SUPERIOR

162. That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 161", with the same force, and effect, as though more fully set forth at length herein.

163. That at all relevant times the Defendants acted under pretense of color of state law and the alleged underlying acts and omissions lacked authority of law which resulted in the Defendants abuse of authority.

164. That the County of Nassau hired Sheriff James E. Dzurenda and was responsible for his acts and omission under color of state law.

165. The Sheriff Dzurenda breached his duty to the Plaintiff by negligently failing to obtain Mr. Haskell's release from custody of the Nassau County Correctional Facility which Sheriffs Dzurenda was responsible for the operations and management thereof.

166. Sheriff Dzurenda was negligent in releasing Plaintiff on his conditional release date and was negligent in ensuring the Mr. Haskell was made state ready on March 27, 2021, whereby Plaintiff was entitled by law to his mandatory release form incarceration.

167. As a direct and proximate cause of Sheriff Dzurenda's negligence, Plaintiff Haskell suffered sixty days of prolonged over detention which resulted in severe emotional distress.

168. As a result, the County of Nassau is liable to the Plaintiff for the unlawful acts and omissions set forth herein under the well-established doctrine of Respondeat Superior.

**WHEREFORE**, Plaintiff demands judgment and relief against Defendants jointly and severally as follows:

A. Awarding Plaintiff compensatory damages in an amount that is fair and equitable to be fixed at trial.

B. Awarding punitive damages against Sheriff James E. Dzurenda, Donald Vetter, and John Doe C240MXV in an amount that would punish the Defendants for their willful, wanton, reckless and malicious misconduct alleged in this Complaint that would effectively deter Defendants from future civil rights violations and other unlawful behavior in an amount to be determined at tria

C. An award to Plaintiff of the costs and disbursements herein.

D. An award of reasonable attorney fees pursuant to 42 U.S.C. Section 1988.

E. Granting such other and further relief as this Court may deem just and proper.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

**ALTI HASKELL**

              Plaintiff ,

                                         **AFFIRMATION**

    -against-

**COUNTY OF NASSAU , JAMES E. DZURENDA,**
**SHERIFF NASSAU COUNTY SHERIFF'S DEPARTMENT,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,**
**DONALD VETTER, CHIEF CLERK NASSAU COUNTY COURTHOUSE,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND**
**JOHN DOE, C240MXV,  IN HIS INDIVIDUAL CAPACITY,**

              Defendants,
_____X

      **I, Welton K. Wisham,** am an Attorney at Law duly admitted to practice law in the

Courts of the State of New York, and say under penalty of perjury that: I am the attorney of

record for the Plaintiff Mr. Alti Haskell.

      That I have read the annexed  Civil Complaint and know the contents hereof and the

same are true to my knowledge, except those matters therein which are stated to be alleged on

information and belief, and as to those matters I believe them to be true.

      My belief, as to those matters therein not stated upon knowledge, is base upon

information contained within my case file and the investigation conducted with the Plaintiff.

      The reason I make this affirmation instead of the Plaintiff is that the Plaintiff reside in

a county outside that which this affiant maintains and office.

Dated:  March 25, 2022
        Bronx, New York

By   _____ Esq

Welton K. Wisham, Esq (ww8674)
The Law Office of Welton K. Wisham
1200 Waters Place, Suite 105
Bronx, New York, 10461
Attorney for the Plaintiff
( 718) - 924- 3557 Office
(718) - 678- 8062 Fax
Email: wkwisham@optonline.net

28

Dated:   March 25, 2022
         Bronx, York, New York

By /s/ Welton K. Wisham, Esq.  (WW8674)

The Law Office of Welton K. Wisham
1200 Waters Pl. Suite 105
Bronx, New York, 10461
(718) 924-3557 Office
(718) 678-8062 Fax
Attorney for the Plaintiff
Email:  wkwisham@optonline.net

2